UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN OLIVER,

        Petitioner,

    v.

RAYMOND BOOKER,

        Respondent.[1]

                    /

CASE NO. 2:06-CV-14211
JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss.

II.    <u>REPORT</u>:

A.    *Procedural Background*

      Petitioner Brian Oliver is a state prisoner, currently confined at the Ryan Correctional Facility in Detroit, Michigan. Petitioner is serving a sentence of 25-60 years' imprisonment and a consecutive term of two years' imprisonment following his 1991 convictions for second degree murder and possession of a firearm during the commission of a felony. Petitioner appealed his conviction to the Michigan Court of Appeals, raising claims of improper admission of evidence, failure to secure the presence of witnesses, prosecutorial misconduct, and improper sentencing. The Michigan Court of Appeals affirmed petitioner's conviction on July 7, 1994. *See People v. Oliver*,

---

      [1]By Order entered this date, Raymond Booker has been substituted for Barry Davis as the proper respondent in this action.

No. 146272 (Mich. Ct. App. July 7, 1994) (per curiam). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on April 7, 1995. *See People v. Oliver*, 448 Mich. 908, 533 N.W.2d 580 (1995).

On April 23, 1997, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on April 29, 1997. *See* Wayne County Cir. Ct. Docket, Case No. 91-0002337-02 FY (this Court's docket #13). The Michigan Court of Appeals denied petitioner's application for leave to appeal in a standard order on June 18, 1998. *See People v. Oliver*, No. 204836 (Mich. Ct. App. June 18, 1998). Petitioner did not appeal this decision to the Michigan Supreme Court.

On September 18, 2006,[2] petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his conviction is invalid because there was no probable cause to support his arrest and because he received ineffective assistance of counsel. On April 3, 2007, respondent filed a motion to dismiss, arguing that the petition is barred by the one-year limitations period governing habeas applications. Petitioner filed a traverse on April 13, 2007. For the reasons that follow, the Court should grant respondent's motion to dismiss.

B.     *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of

---

[2]Although petitioner's application is file-stamped September 25, 2006, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is not itself dated, but his contemporaneously filed motion for leave to proceed *in forma pauperis* is dated September 18, 2006. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on September 18, 2006.

limitations governing habeas petitions.  On April 24, 1996, President Clinton signed into law the

Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr.

24, 1996).  In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of

limitations for habeas petitions.  Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations

period may begin to run.  Assuming that the first starting date is applicable here, petitioner's

application is untimely.  Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1).  *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, it is clear that petitioner's convictions became final before the enactment of the AEDPA. The Michigan Supreme Court denied petitioner's application for leave to appeal on April 7, 1995, and his conviction became final 90 days later when his time for seeking *certiorari* in the United States Supreme Court expired. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations period began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until September 18, 2006, it is barred by the statute of limitations unless the limitations period was tolled for any

reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed a motion for relief from judgment on April 23, 1997. At that time, petitioner had only one day remaining on the limitations clock. The Michigan Court of Appeals denied petitioner's application for leave to appeal on June 18, 1998. Because petitioner did not file an application for leave to appeal in the Michigan Supreme Court, the motion for relief from judgment ceased to be pending when the time for seeking appeal in that court expired 56 days later, *see* MICH. CT. R. 7.302(C)(2), or on August 13, 1998. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817 (6th Cir. 2005).[4] The limitations period expired one day later, on August 14, 1998. Because petitioner's application was not filed until September 18, 2006, it is untimely by over six years.

C.     *Petitioner's Arguments*

Petitioner advances two arguments for finding his application timely. First, he contends that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(D). Second, he contends that he is entitled to equitable tolling. The Court should reject each of these arguments.

1.     *Delayed Starting under § 2244(d)(1)(D)*

With respect to the timeliness issue, the Court should conclude that petitioner's application

---

[4]In *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), the Sixth Circuit held that a prisoner is also entitled to tolling under § 2244(d)(2) for the 90 day period in which he could seek *certiorari* in the United States Supreme Court. *See id.* at 172-73. The Supreme Court, however, has now rejected that interpretation of § 2244(d)(2), concluding that a petition for *certiorari* is not part of the state collateral review for which tolling is available under § 2244(d)(2). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-85 (2007).

is untimely notwithstanding § 2244(d)(1)(D). This provision requires a court "to review the 'factual predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant] is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001).

Petitioner provides no basis for concluding that the factual predicate of his claim was

unknown to him earlier. Petitioner's claims relate to the magistrate's determination of probable cause in issuing the arrest warrant, and relatedly counsel's failure to challenge the probable cause determination at trial. These facts were well known to petitioner at the time of trial. As noted above, it is immaterial that petitioner may not have understood the legal import of those facts or had evidence to support his claim. Because petitioner had available to him all of the facts necessary to support his claims, there is no basis for invoking § 2244(d)(1)(D) to delay the commencement of the limitations period. *See Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2001).

      2.    *Equitable Tolling*

Petitioner also argues that he is entitled to equitable tolling of the limitations period. The Court should reject this argument.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner fails on both elements of the equitable tolling test.

First, petitioner has not shown that he had been pursing his rights diligently. Over two years elapsed between the Michigan Supreme Court's order denying petitioner's application for leave to appeal on direct review and his filing of a motion for relief from judgment in the trial court. This lapse of time included all but one day of the one-year grace period petitioner was afforded following adoption of the limitations provision. After he failed to appeal the rejection of his motion for relief from judgment to the Michigan Supreme Court, he waited over six more years before seeking habeas

relief in this Court. Petitioner offers no explanation for these long delays in pursuing his post-conviction remedies. In these circumstances, petitioner was not diligent in pursuing his rights. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004).

Second, petitioner does not allege that any extraordinary circumstances prevented him from timely filing his habeas application. Rather, petitioner argues only that he is entitled to equitable tolling because he raises important and meritorious constitutional claims. However, the very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc). Petitioner has failed to state any other basis for equitable tolling, and thus he has failed to carry his burden of demonstrating his entitlement to equitable tolling. *See Chesnel v. Merrill*, 238 F. Supp. 2d 322, 324 (D. Me. 2003) ("[I]n the absence of any suggestion, let alone developed argument, about the basis on which the petitioner might be entitled to equitable tolling of the period, this court will not consider the possibility.").

C.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/15/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 15, 2008.

s/Eddrey Butts_____
Case Manager

9