UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN OLIVER,

        Petitioner,

vs.
        Case No. 06-CV-14211
        HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.

_____/

ORDER ACCEPTING JANUARY 15, 2008 REPORT AND RECOMMENDATION (# 27)
GRANTING RESPONDENT'S MOTION TO DISMISS (# 8)
DISMISSING PETITION FOR HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY

Brian Oliver, a state prisoner appearing pro per, filed a petition for habeas corpus with the court on September 25, 2006, which was referred to Magistrate Judge Paul Komives. Magistrate Judge Komives issued a January 15, 2008 Report and Recommendation recommending that the court grant respondent Raymond Booker's motion to dismiss pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

Magistrate Judge Komives reasons that, because petitioner's 1991 state court convictions for second degree murder and possession of a firearm during the commission of a felony became final before the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted on April 24, 1996, petitioner had one year from the effective date of enactment to file a petition for habeas relief absent any applicable tolling. Noting that a habeas petition is considered filed for statute of limitations purposes when the prisoner gives the petition to prison officials for mailing, the Magistrate Judge finds that the instant petition

was filed on September 18, 2006, over nine years after the limitations period expired on April 24, 1997. Magistrate Judge Komives rejects petitioner's argument under 28 U.S.C. § 2244(d)(1)(D) that the statute of limitations first began to run in September 2006 when petitioner asserts he first discovered, through the exercise of due diligence, the factual predicates for his habeas claims that a state magistrate lacked probable cause to issue an arrest warrant and ineffective assistance of counsel in failing to raise the issue at trial. The Magistrate Judge also rejects petitioner's argument for equitable tolling, finding that petitioner fails to make requisite showings that: (1) he diligently pursued his rights; and (2) extraordinary circumstances existed which prevented a timely filing.

Petitioner filed objections to the Report and Recommendation on January 28, 2008. Petitioner objects that his petition was misconstrued as filed under 28 U.S.C. § 2254 as opposed to the "organic" habeas statute 28 U.S.C. § 2241, the latter being exempt from the AEDPA's "gatekeeping" provisions. Petitioner asserts that denial of his petition based on the expiration of a statute of limitations will result in a miscarriage of justice based in part on the "unreasonable burden" created by the AEDPA. Petitioner objects that the Magistrate Judge also erred by finding that a lack of diligence caused any delays considering petitioner was confined in prison segregation on April 23, 1997 after he filed a motion for relief from judgment in the trial court, which prevented him from moving for leave to appeal to the Michigan Supreme Court until he was released. Petitioner asserts that prison staff confiscated his legal materials while he was in segregation, then lost them, further contributing to his delay in seeking post-judgment relief in state court. Petitioner also objects that it was not until 2006, when he consulted with a prisoner-paralegal, that he first became aware of the legal issue that the State of Michigan lacked subject matter jurisdiction as a result of the arrest warrant that issued lacking probable cause.

"A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objection that his petition was filed under 28 U.S.C. § 2241, and is therefore not subject to the "gatekeeping" provisions of the AEDPA, is misplaced. 28 U.S.C. § 2254 applies specifically, as here, to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "gatekeeping" provision referred to by petitioner, found at 28 U.S.C. § 2244(b)(3)(A), requires a habeas petitioner to apply to the court of appeals for permission to file a second or successive petition for habeas relief. See Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). This "gatekeeping" provision is simply inapplicable to the instant petition and application of the statute of limitations found at §2244(d). Plaintiff's objection that denial of his petition for habeas relief on statute of limitations grounds will result in a miscarriage of justice due to the unreasonably burdensome one-year statute of limitations found within the AEDPA is conclusionary, and without merit. Petitioner delayed over nine years after the statute of limitations expired before filing a petition for federal habeas relief. Petitioner's reasons for failing to seek leave to appeal in the Michigan Supreme Court in 1997 falls well short of demonstrating that he acted with due diligence by waiting until September 2006 to file his federal habeas petition. The court notes that petitioner's April 1997 placement in segregation did not prevent him from petitioning for leave to appeal in the Michigan Court of Appeals, a petition that was necessarily filed after the trial court's April 29, 1997 decision denying his motion for relief from judgment, and before the petition for leave to appeal was denied by the Court of

3

Appeals on June 18, 1998. See People v. Oliver, No. 204836 (Mich. Ct. App. June 18, 1998). Petitioner's objection that he first discovered available legal issues in 2006 does not support a finding that petitioner first discovered the "factual predicates" of the issues in 2006. See 28 U.S.C. § 2244(d)(1)(D) (providing that "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (recognizing the distinction between a "fact" and a fact's "legal effect, consequences, or interpretation"). Petitioner was aware of the "factual predicates" of the issuance of the magistrate's warrant, the contents of the affidavit and warrant, and his trial counsel's conduct, after his 1991 convictions. Petitioner's asserted 2006 discovery of legal issues related to these facts, with the help of a prisoner-paralegal, is of no consequence with respect to the application of § 2244(d)(1)(D).

Petitioner's objections are OVERRULED. The court adopts the January 15, 2008 Report and Recommendation. Respondent's motion to dismiss is hereby GRANTED, and the petition for habeas relief is hereby DISMISSED.

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a CERTIFICATE OF APPEALABILITY is hereby DENIED.

SO ORDERED.

Dated: February 12, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 12, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk